UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ernest Inman, Jr., | ) Civil Action No.: 4:12-cv-00106-RBH |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) **O R D E R** |
| Officer Eric Poston, Officer Graham, | ) |
| Lt. Don Lewis, and City of Dillon, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

The plaintiff, represented by counsel, filed his Complaint in this action on January 10, 2012, alleging violations of 42 U.S.C. § 1983, conspiracy, and state law claims. The Clerk duly issued Summonses for service; however, service was not effected within one-hundred twenty (120) days. (The 120 day period ended on May 9, 2012.) On August 1, 2012, the Clerk of Court sent an e-mail (attached) to Plaintiff's counsel, William Gary White, III, inquiring as to the status of the case, as nothing had been filed since the filing of the Complaint in January. Counsel responded on August 2, 2012, "in process of serving". No affidavit of service has ever been filed. However, Defendants filed a Motion to Dismiss on August 22, 2012 on the basis that service was not effected within 120 days after the Complaint was filed. The motion states that the City of Dillon, Officer Graham, and Lt. Don Lewis were not served until on or after August 6, 2012 and that Officer Eric Poston has apparently not been served. The affidavit of the Chief of Police, Joe L. Rogers, attached to the Motion to Dismiss, indicates that he informed the deputy serving the lawsuit that Officer Eric Poston is no longer employed with the City of Dillon Police Department.

Plaintiff's counsel filed a short response in opposition to the motion to dismiss without a

1

supporting affidavit. In his response, he states that his wife died on **March 31, 2011** and that he had been suspended from practice on **March 7, 2011.** He states that his client files were returned to him on **August 17, 2011.** He also states that, during early 2012, when the lawsuit was actually filed, he was being treated for depression and that he hired a paralegal who was to arrange for service. However, the process server took another job and the paralegal developed back problems which led to his inability to work. "Plaintiff's file was misplaced in the confusion." (ECF No. 6)

>Plaintiff's response to the defendants' motion to dismiss is set forth below in its entirety:
>
>This action was commenced by filing of the Complaint on January 10, 2012. Filing was delayed by events beyond Plaintiff's control. In early January 2011, the wife of Plaintiff's attorney suffered a herniated disc in her neck, causing her to terminate cancer treatment, go into hospice care and die March 31, 2011. On March 7, 2011, Plaintiff's counsel was suspended from practice leaving Plaintiff with no representation. It was not until August 17, 2011, that the S.C. Supreme Court authorized return of Plaintiff's file to Plaintiff's counsel. Twelve boxes of files were delivered to counsel's office.
>In the early part of this year, Plaintiff's counsel, under treatment for grief related depression, had obtained the services of a paralegal to assist in trying to catch up. Several cases were filed at that time with the paralegal coordinating service with counsel's usual process server. The process server became Town Manager for Atlantic Beach. The paralegal developed debilitating back problems causing him to miss more and more days and ultimately to not be able to work at all. Plaintiff's file was misplaced in the confusion.
>When counsel realized services had not been affected, pleadings were sent to the Dillon County Sheriff for service. The City of Dillon, Officer Graham and Lt. Don Lewis, were served on or about August 6, 2012, by the Sheriff. Defendants claim no prejudice from this unintended delay. In the interest of justice the serious issues raised by Plaintiff's complaint should be decided on the merits.

(ECF No. 6).

>Fed. R. Civ. P. 4(m) provides in pertinent part:
>
>If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . .

This Court's Local Rule 4.01 provides:

In the event a pleading asserting a claim is not served on each party against whom a claim is asserted within one hundred twenty (120) days after the filing of the pleading, the party asserting a claim shall advise in writing the Court and all parties previously served at the expiration of said one hundred twenty-day (120) period of the identity of the party not served and why service has not been effected.

Clearly, as to Defendant Officer Eric Poston, who has not been served, the case should be dismissed without prejudice. The Court notes that the plaintiff has not requested permission to serve this defendant or any defendant beyond the time.

As to the remaining defendants who were served late, the plaintiff has failed to show good cause to extend the deadline for service. In essence, he asserts as "good cause" for late service (1) he was receiving counseling for grief-related depression from his wife's death the year before; (2) his paralegal who was responsible for arranging service of process had back trouble; (3) his process server was no longer in business; and (4) the file was misplaced.[1] Courts have held that "[i]gnorance of the rule, . . . office moves or personal problems, . . . [and] inadvertence of counsel" do not constitute "good cause"under Rule 4(m). 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1137 (3d ed. 2002). *See, e.g., Cooper v. Phoenix Health Sys., Inc*, 2004 WL 943905 (D.Md. 2004)(good cause not shown where attorney waited until the last minute to serve and process server did not do his job); *Hoffman v. Baltimore Police Dept.*, 379 F. Supp.2d 778 (D.Md. 2005)(good cause not shown when service was delayed until the 119th day because of ongoing negotiations and deadline was missed due to medical complications experienced by legal assistant); *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75 (D.Md. 2005)(murder of *pro se* plaintiff's daughter did not constitute good cause to excuse failure to serve

---

[1] Plaintiff's counsel has a history of disciplinary problems. *See* South Carolina Judicial Department website, http://www.sccourts.org.

3

within 120 days). The Court notes that Plaintiff's counsel never sought permission from the Court to be allowed to serve the defendants beyond the 120 day period pursuant to Fed. R. Civ. P. 4(m). *King v. Jefferies*, 402 F.Supp.2d 624 (D.N.C. 2005)(good cause did not exist when Plaintiff failed to request extension until a year after the expiration of the service deadline). Nor did he make any attempt to comply with the court's local rule which required him to notify the court at the expiration of the 120 day period the identity of any party not served and why service had not been effected. Therefore, the plaintiff has not shown good cause for allowing him additional time for service.

Additionally, because the 120 day period expired before service occurred, Rule 6(b) requires a showing of "excusable neglect". *Mendez v. Elliot*, 45 F.3d 75 (4th Cir. 1995). A showing of excusable neglect is "not easily demonstrated, nor was it intended to be." *Thompson v. E.I. duPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996). The Court files with this order a copy of the e-mail from the Clerk's Office in August, almost three months after the 120 day period had expired, notifying Plaintiff's counsel that nothing had been filed with the Court since the initial filing of the Complaint in January and requesting that he advise as to the status. Counsel responded by e-mail "in process of serving". Apparently, he then followed up with service on the three above named defendants <u>after</u> having been contacted by the Clerk but never requested an extension of time from the Court. Excusable neglect has not been shown.

Even if a showing of good cause or excusable neglect would not be necessary and the Court could, in its discretion, allow late service[2], the plaintiff has not made a sufficient showing. This is

---

[2] *See Mendez v. Elliot*, 45 F.3d 75 (4th Cir. 1995)(published decision holding that good cause is required before extension granted under Rule 4(m)). However, two panels of the Fourth Circuit have questioned *Mendez* in light of dictum in *Henderson v. United States*, 517 U.S. 654, 658, n. 5 (1996), citing the Advisory Committee Notes to the 1993 amendments to Rule 4. *Scruggs v. Spartanburg Regional Medical Center*, 198 F.3d 237 (4th Cir. 1999); *Giacomo-Tano v. Levine*, 199 F.3d 1327 (4th Cir. 1999).

not a situation where the defendants have evaded service or concealed a defect in attempted service.[3] Plaintiff's counsel never requested the Court to extend the deadline. He simply disregarded the court rules and failed to properly supervise his paralegal in attaining service. This case is accordingly dismissed without prejudice.

**AND IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, S.C.
November 28, 2012

---

[3] No argument has been presented as to what claims, if any, would be barred by the statute of limitations in a subsequent lawsuit or whether the defendants had notice of the lawsuit. *See* Advisory Committee Notes to 1993 amendment to Rule 4(m).